### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STARSHA SEWELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEJANDRO MAYORKAS, Secretary ) <br> of Homeland Security, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 21-cv-0126-LKG <br><br> Dated: March 24, 2022 |

### MEMORANDUM OPINION AND ORDER

Plaintiff commenced the above-captioned employment discrimination matter on January 13, 2021. *See* Compl., ECF No. 1. In the complaint, plaintiff appears to allege that she was denied employment as a housing inspector at the Federal Emergency Management Agency ("FEMA") in March 2017, because of her race and in reprisal for taking part in protected activity. *See generally id.*

On August 16, 2021, defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). ECF No. 13. On August 24, 2021, plaintiff filed a response in opposition to defendant's motion. ECF No. 16. On February 7, 2022, plaintiff filed a supplement to her response in opposition to defendant's motion. ECF No. 22. On March 23, 2022, the parties participated in a telephonic status conference to discuss defendant's motion to dismiss. For the reasons discussed during the March 23, 2022, status conference, and set forth below, the Court GRANTS defendant's motion to dismiss and DISMISSES the complaint.

To succeed on her failure to hire claim, plaintiff must establish, among other things, a prima facie case of employment discrimination by showing that: "(1) she is a member of a protected class; (2) the employer had an open position for which she applied (or was prevented from applying for); (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Pugh v. Bd. of Ed. Montgomery Cty., Md.*, 2017 WL 6055511, at *3 (D. Md. Dec. 6, 2017) (citation

omitted). The failure to demonstrate one of these required elements is fatal to a plaintiff's ability to establish a prima facie case. *See Hemphill v. Aramark Corp.*, 2014 WL 1248296, at *19 (D. Md. Mar. 25, 2014).

Here, plaintiff has failed to establish a prima facie case of employment discrimination, because she fails to allege any facts to show: (1) what the necessary qualifications for the housing inspector position were, or that she met those qualifications; or (2) that anyone at FEMA or the Department of Homeland Security ("DHS") exhibited any racial animus towards plaintiff or was aware of plaintiff's race when making the hiring decision. *See generally id.* Because plaintiff cannot establish a prima facie case of employment discrimination based upon failure to hire, the Court must DISMISS this claim.

To the extent that plaintiff raises a retaliation claim in the complaint, this claim must also be dismissed. To allege a plausible retaliation claim, plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action at the hands of defendant; and (3) defendant took the adverse employment action because of the protected activity. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 190 (4th Cir. 2001) (citation omitted). Here, it appears that plaintiff alleges that she was denied employment with FEMA, because she filed an EEOC complaint alleging racial discrimination on March 23, 2017. *See generally* Compl.; *see also* ECF No. 1-1 at 13. But, plaintiff acknowledged that her EEOC complaint was filed approximately 20 days after FEMA denied her employment as a housing inspector. *See* ECF No. 1-1 at 13. And so, plaintiff cannot establish that FEMA's decision to not offer her employment as a housing inspector was due to the filing of this EEOC complaint. Given this, the Court must also DISMISS any retaliation claim raised in the complaint.[1]

---

[1] In addition, to the extent that plaintiff raises fraudulent concealment, equitable tolling, and RICO Act claims in the complaint, the Court must also DISMISS these claims, because plaintiff fails to allege sufficient facts to show that these claims are plausible. Fed. R. Civ. P. 12(b)(6).

2

In light of the foregoing, and for the reasons stated during the March 23, 2022, status conference, the Court:

1. **GRANTS** defendant's motion to dismiss; and

2. **DISMISSES** this matter with prejudice.

**IT IS SO ORDERED.**

                                        s/ Lydia Kay Griggsby
                                        LYDIA KAY GRIGGSBY
                                        United States District Judge